UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DESMOND EVERETT, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. _____ |
| CONN APPLIANCES, INC. | § § | 3-19CV-2369 M |
| Defendant. | § § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Desmond Everett sues Defendant Conn Appliances, Inc. and alleges:

### Introduction

1. This is an action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

3. The TCPA's sponsor, Senator Hollings, urged Congress to pass the TCPA stating, "[t]hese machines are out of control, and their use is growing by 30 percent every year. It is telephone terrorism, and it has got to stop." 137 Cong. Rec. at S16205. Describing the specific consumer interests the TCPA was intended to protect, Senator Hollings said: "I echo Supreme Court Justice Louis Brandeis, who wrote 100 years ago that 'the right to be left alone is the most comprehensive of rights and the one most valued by civilized man." *Id.*

4. "Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

1

5. Yet, still today, according to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints [the FCC] receive[d]. Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

6. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

7. Defendant repeatedly made unsolicited calls to Plaintiff's cellular telephone, after Plaintiff demanded the calls stop, in violation of the TCPA. Defendant made at least 500 unauthorized and illegal calls to Plaintiff's cell phones using an automatic telephone dialing system ("ATDS") (including a predictive dialer) or pre-recorded voice for the purpose of bullying Plaintiff into filling out a credit application to purchase goods from Conn.

**Jurisdiction, Venue and Parties**

8. This Court has original jurisdiction over Plaintiff's claims arising under the TCPA pursuant to 28 U.S.C. § 1331.

9. This Court has personal jurisdiction over Defendant as it is a domestic corporation, formed under the laws of Texas, with its principal place of business located at 2445 Technology Forest Boulevard, Suite 800, The Woodlands, Texas 77381-5258.

10. Venus is appropriate in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Forney, Kaufman County, Texas.

11. Plaintiff is a natural person, and citizen of the State of Texas, residing in Forney, Kaufman County, Texas.

12. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

## General Allegations

13. Defendant called Plaintiff from its automatic telephone dialing system over 500 times, without Plaintiff's consent, in an attempt to bully Plaintiff into filling out a credit application.

14. A large volume and frequency of calls is indicative the calls were made from an ATDS. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017 U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017) (explaining that a large number and frequency of calls is indicative of an ATDS).

15. Defendant's automatic telephone dialing system dials numbers automatically from a list of numbers, with no human intervention involved at the time of dialing, and is an ATDS as defined by the TCPA and the Federal Communications Commission's (FCC's) 2003 Order regarding the TCPA. *See In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14092 (2003); *Ammons v. Ally Fin., Inc.*, 326 F. Supp. 3d 578 (M.D. Tenn. 2018); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).

16. In addition, Defendant called Plaintiff in Broadcast mode using both an artificial voice and pre-recorded messages as defined by the TCPA.

17. In Broadcast mode, the system automatically calls customers with no human being involved at the time of dialing. If a customer answers a call made in Broadcast mode, he will be automatically connected to an artificial voice message through an IVR (interactive voice response). In Broadcast mode Defendant also has the option of leaving a pre-recorded message for the called party if it detects a voice mailbox.

18. The use of an artificial or prerecorded voice is indicative of an automatic telephone dialing system. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017 U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017) (explaining that a the use of an artificial or prerecorded voice during the call is indicative of an ATDS); *France v. DiTech Fin., LLC*, No. 8:17-cv-3038-T-24MAP, 2018 U.S. Dist. LEXIS 58711, at *19-20 (M.D. Fla. Apr. 6, 2018) (same).

19. Defendant also used its dialing system to call Plaintiff's cell phone number in Predictive mode.

20. In Predictive mode (which Defendant now calls "system assisted mode", a term created for purposes of litigation and completely absent from any of Defendant's policies and procedures) the dialing system automatically calls customers with no human being involved at the time of dialing. If a customer answers a call made in this mode, the system will automatically transfer that call to an available agent who will field the call.

21. Sometimes, when Plaintiff answered Defendant's calls to his phone, there was a pause before he was connected to a live agent.

22. A pause in the phone call before being connected to a live agent is indicative of an automatic telephone dialing system. *See, e.g., Cummings v. Rushmore Loan Mgmt. Serv.*, No. 8:17-cv-1652-T-33MAP, 2017 U.S. Dist. LEXIS 177619, at *2 (M.D. Fla. Oct. 26, 2017)

(explaining that a pause before a live person comes on the line is indicative of an ATDS); *France v. DiTech Fin., LLC*, No. 8:17-cv-3038-T-24MAP, 2018 U.S. Dist. LEXIS 58711, at *19-20 (M.D. Fla. Apr. 6, 2018) (same).

23. At the time of dialing, agents fielding Broadcast or Predictive mode calls do not know what numbers are being dialed by the system, as the computer is randomly or sequentially dialing numbers without human intervention.

24. The only time an agent is aware a customer has been called is if that customer answers and is automatically transferred to the agent. At that time, the customer's demographic information automatically populates on the agent's computer screen. Prior to this, agents have no idea who the system is auto-dialing.

25. Plaintiff also received "abandoned calls" from Defendant.

26. Abandoned calls occur when Defendant's automated system calls more customers than Defendant has agents available to field the calls. As a result, a customer who answers hears nothing but dead air, as the automatic telephone dialing system has no human being available to transfer the call it dialed to.

27. Hearing dead air due to an abandoned call is indicative of the use of an ATDS. *See De Los Santos v. Millward Brown, Inc.*, 2014 U.S. Dist. LEXIS 88711, 2014 WL 2938605, at *3 (S.D. Fla. June 30, 2014) ("Plaintiff provides additional facts, such as hearing 'dead air,' a signature of autodialing.") (citing FCC, Consumer Guide: Unwanted Telephone Marketing Calls 2 (2013), http://www.fcc.gov/cgb/consumerfacts/tcpa.pdf ("The use of autodialers ... often results in abandoned calls-hang-ups or 'dead air.'")); *Gulisano v. Cambece Law Office, PC*, No. 15-81378-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 184129, at *9 (S.D. Fla. Aug. 8, 2016) (same).

28. Sometimes when Defendant called Plaintiff, the area code appeared to be from the local Dallas-Fort Worth area, such as (214) or (817).

29. Calling consumers using numbers beginning with the same area code as the consumer (or area code "spoofing") is indicative of the use of an ATDS. *See Cunningham v. Greenstar Capital Sols., LLC*, No. 4:18-CV-000161-ALM-CAN, 2018 U.S. Dist. LEXIS 163086, at *11 (E.D. Tex. Aug. 1, 2018) (finding allegation of local area code spoofing used to trick consumers into answering phone calls to be indicative of an ATDS).

30. In total, Defendant uses its ATDS to make over 600,000 outbound calls per day.

31. Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number (214)***-2110. Plaintiff was the called party and recipient of Defendant's calls.

32. Defendant placed hundreds of automated calls to Plaintiff's cellular telephone number (214) ***-2110 in an attempt to harass Plaintiff into filling out a credit application.

33. In or about January 2018, Plaintiff acquiesced and filled out a credit application with Defendant's financing company Progressive Leasing, LLC just so Defendant would stop harassing him with automated phone calls.

34. On January 9, 2018, Plaintiff received correspondence from Progressive Leasing, LLC, indicating that his credit application (Ref # 10118791) had been "Denied."

35. Even after Defendant denied Plaintiff's credit application, Defendant continued to harass Plaintiff with multiple automated calls.

36. On several occasions since Defendant's campaign of harassing automated calls began, Plaintiff instructed Defendant's agents to stop calling his aforementioned cellular telephone number.

6

37. Unfortunately, no matter how many times Plaintiff asked for the calls to stop, Defendant continued to harass Plaintiff by bombarding his cell phone with automated calls.

38. Defendant had no legitimate purpose in calling Plaintiff, especially after Plaintiff requested that the calls stop. Rather, Defendant displayed a pattern of behavior that can only be described as an intentional and willful attempt to harass and abuse Plaintiff.

39. Plaintiff first demanded that the calls to his cellular telephone stop around January 2018. Specifically, Plaintiff stated "Please stop calling me."

40. Despite this clear and unequivocal request for the calls to stop, Defendant continued to bombard Plaintiff's cellular telephone number with automated calls dialed by its automatic telephone dialing system that same day and every day following it.

41. Plaintiff demanded that the calls to his phone stop on several additional occasions, but Defendant continued calling Plaintiff anyway. Plaintiff's numerous verbal requests for the harassment to end were ignored.

42. Defendant's policies and procedures regarding TCPA compliance are entirely toothless and are created simply for purposes of litigation. In reality, Defendant' agents and compliance teams ignore do not call requests from customers and allow those customers to be harassed by non-stop automated calls.

43. In reality, Defendant has a corporate policy to use its automatic telephone dialing system and pre-recorded or artificial voice calls to harass and intimidate individuals like Plaintiff.

44. Defendant has been sued for violating the TCPA hundreds of times by consumers all across the country.

45. Defendant has admitted in legal documents filed with the United States Securities and Exchange Commission that it utilizes a Noble Systems Predictive Dialer, which is a significant component of an automatic telephone dialing system.

46. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

47. Defendant willfully or knowingly violated the TCPA with respect to Plaintiff as to each call made to Plaintiff's cell phone after the first call, as Defendant never had any initial consent to call Plaintiff's cell phone.

48. From each and every call Defendant placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

49. Defendant's non-stop calls drained Plaintiff's cell phone battery and occupied its ability to receive other calls.

50. Defendant's non-stop calls wasted Plaintiff's time.

51. Plaintiff was also affected in a personal and individualized way by anger, stress, worry, frustration, embarrassment, and emotional distress.

## COUNT I
### (Violation of the TCPA)

52. Plaintiff fully incorporates and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

54. Despite Plaintiff demanding that the calls stop on multiple occasions, Defendant continued its pattern of harassment and abuse, and made it clear to Plaintiff that Defendant would call from its automatic telephone dialing system as often as it liked.

55. There is no way to describe Defendant's violation of the law other than willful or knowing. As a result, Plaintiff should be awarded treble damages of $1,500 per violation for the harassment and abuse Defendant put him through.

56. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a jury trial on all issues so triable, judgment against Conn Appliances, Inc. for statutory damages of $500 per violation, actual damages, treble damages of $1,500 per call, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

*s/ Sharon K. Campbell*
Sharon K. Campbell
Texas Bar Number: 3717600
3500 Oak Lawn Avenue, Suite 110
Dallas, TX 75219
Telephone: (214) 351-3260
Facsimile: (214) 443-6055
Sharon@sharonkcampbell.com
Local Counsel for Plaintiff

and

s/Joshua R. Kersey
Joshua R. Kersey

                                              Texas Bar Number: 24090206
                                              MORGAN & MORGAN, PA
                                              201 North Franklin Street, 7th Floor
                                              Tampa, Florida 33602
                                              Telephone: (813) 225-5505
                                              Facsimile:  (813) 222-2490
                                              JKersey@ForThePeople.com
                                              CheyenneReed@ForThePeople.com
                                              JSherwood@ForThePeople.com
                                              LCrouch@ForThePeople.com

                                              *Attorneys for Plaintiff*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

3-19CV-2369M

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DESMOND EVERETT,

**(b)** County of Residence of First Listed Plaintiff   Kaufman
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sharon K. Campbell, Esq.
3500 Oak Lawn Avenue, Suite 205
Dallas, TX 75219

## DEFENDANTS
~~PROGRESSIVE LEASING, LLC~~ ake
Conn's Appliances, Inc.
County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED
OCT - 7 2019

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
|  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  |  / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227 et seq
Brief description of cause:
Vof the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
/s/ Sharon K. Campbell, Esq.

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____